E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
FRANCES S. LEWIS (Cal. Bar No. 291055)
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Public Corruption and Civil Rights and
Terrorism and Export Crimes Sections
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4850/0631
    Facsimile: (213) 894-0141
    E-mail:   frances.lewis@usdoj.gov
               kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:23-00098-GW |
| Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT JAIME TRAN</u> |
| v. | |
| JAIME TRAN, | |
| Defendant. | |

1. This constitutes the plea agreement between Jaime Tran ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2. Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that

it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 23 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraph 26 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

## DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to all counts of the indictment in <u>United States v. Tran</u>, No. CR 2:23-00098-GW, which charges defendant with two counts of a hate crime with intent to kill, in violation of 18 U.S.C. §§ 249(a)(1)(A), (B)(ii), and two counts of using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

    b. Not contest facts agreed to in this agreement.

    c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 18 of this agreement.

    d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

    h. Forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

      i. One Kharm Arms, .380 caliber pistol, bearing serial number CAA1387; and

      ii. One Zastava, model M70, semi-automatic rifle, bearing serial number Z70-144818 (collectively, the "Forfeitable Property").

    i. The Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

    j. Agree that the Preliminary Order of Forfeiture shall become final as to defendant upon entry.

1        k.   Take whatever steps are necessary to pass to the
2 United States clear title to the Forfeitable Property, including,
3 without limitation, the execution of a consent decree of forfeiture
4 and the completing of any other legal documents required for the
5 transfer of title to the United States.
6        e.   Not contest any administrative forfeiture proceedings
7 or civil judicial proceedings commenced against the Forfeitable
8 Property.  If defendant submitted a claim and/or petition for
9 remission for all or part of the Forfeitable Property on behalf of
10 himself or any other individual or entity, defendant shall and hereby
11 does withdraw any such claims or petitions, and further agrees to
12 waive any right defendant may have to seek remission or mitigation of
13 the forfeiture of the Forfeitable Property.  Defendant further waives
14 any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or
15 requirements of the Government to commence forfeiture actions
16 pursuant to 18 U.S.C. § 924(d)(1).
17       m.   Not assist any other individual in any effort falsely
18 to contest the forfeiture of the Forfeitable Property.
19       n.   Not claim that reasonable cause to seize the
20 Forfeitable Property was lacking.
21       o.   Prevent the transfer, sale, destruction, or loss of
22 the Forfeitable Property to the extent defendant has the ability to
23 do so.
24       p.   That forfeiture of Forfeitable Property shall not be
25 counted toward satisfaction of any special assessment, fine,
26 restitution, costs, or other penalty the Court may impose.
27       q.   With respect to any criminal forfeiture ordered as a
28 result of this plea agreement, defendant waives: (1) the requirements

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence in accordance with paragraph 18 of this agreement.

## NATURE OF THE OFFENSES

5. Defendant understands that for defendant to be guilty of the crime charged in counts one and two, that is, a hate crime with intent to kill, in violation of 18 U.S.C. §§ 249(a)(1)(A), (B)(ii), the following must be true:

   a. Defendant willfully caused bodily injury to any person;

   b. Defendant acted because of the actual or perceived race, color, religion, or national origin of any person; and

   c. The offense included an attempt to kill.

6. Defendant understands that for defendant to be guilty of the crime charged in counts three and four, that is, using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), the following must be true:

   a. Defendant committed a crime of violence, as charged in counts one and two of the indictment; and

   b. Defendant knowingly used, carried, and discharged a firearm during and in relation to that crime.

<u>PENALTIES AND RESTITUTION</u>

7. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. §§ 249(a)(1)(A), (B)(ii), where the defendant attempted to kill his victim, as charged in counts one and two of the indictment, is life imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. § 924(c), where a firearm was discharged, as charged in counts three and four of the indictment, is life imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is life imprisonment; a five-year period of supervised release; a fine of $1,000,000, or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $400.

10. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for each violation of 18 U.S.C. § 924(c), as charged in counts three and four of the indictment, is a ten-year term of imprisonment, each of which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

11. Defendant understands, therefore, that the total statutory mandatory minimum sentence that the Court must impose for all the offenses to which defendant is pleading guilty is a twenty-year term of imprisonment and a mandatory special assessment of $400.

12. Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.

13. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

14. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay

removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

16.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing through at least February 16, 2023, defendant developed and espoused antisemitic beliefs and made violent threats towards individuals who actually were, and whom defendant believed to be, Jewish.  For example, in 2018, defendant left dental school after making hateful statements about other students whom he perceived to be Jewish, including referring to one person as a "Fucking little Jew boy."  Between August 2022 and December 2022, defendant's antisemitic statements escalated and included increasingly violent language.  For example, during that period, defendant repeatedly called and texted a former

classmate with antisemitic and violent language, including messages that said:

- "Someone is going to kill you, Jew.  Someone is going to kill you, Jew.  Someone is going to kill you, Jew.  Someone is going to kill you, Jew."
- "FUCK YOU JEW.  Just kill yourself tonight you fucking Jew.  I want you dead, Jew.  Someone is going to kill you, Jew."
- "Kill yourself you Jew."
- "Cut your dick off and bleed to death you fucking Jew."
- "Burn in an oven chamber you bitch Jew."

On or around November 25, 2022, defendant emailed approximately two dozen of his former classmates a flyer containing antisemitic propaganda, including the statement: "EVERY SINGLE ASPECT OF THE COVID AGENDA IS JEWISH."

In or around December 2022, defendant emailed dozens of his former classmates excerpts from a website describing "Persian Jew[s]" as "primitive," "narrow minded," and having "thick skulls."

As a result of previous mental health holds, as of 2023, defendant was prohibited from purchasing firearms.  On or around January 2023, in Phoenix, Arizona, defendant asked a third party to purchase two firearms for him.  Defendant selected the firearms he wanted and paid approximately $1,500 in cash to the third party to purchase two firearms on his behalf: (1) a Kharm Arms, .380 caliber pistol, bearing serial number CAA1387; and (2) a Zastava, model M70, semi-automatic rifle, bearing serial number Z70-144818.

On or about the morning of February 15, 2023, in Los Angeles, California, defendant used the internet to research locations with a "kosher market."  Defendant planned to shoot someone in the area of a

kosher market because he believed there would be Jewish people in the area.  Defendant then drove to the Pico-Robertson neighborhood of Los Angeles and saw R.H., who identifies as Jewish and was wearing a yarmulke, as R.H. was leaving religious services.  Defendant believed R.H. to be Jewish and decided to shoot him because he was Jewish.  As R.H. opened the door to his own car, defendant shot R.H. at close range in the back, intending to kill him.  Defendant then fled the scene in his car.

The following morning, February 16, 2023, defendant returned to the Pico-Robertson area of Los Angeles, again intending to shoot a Jewish person.  Defendant saw G.T., who identifies as Jewish and was wearing a yarmulke, as G.T. was leaving religious services. Defendant believed G.T. to be Jewish and decided to shoot him because he was Jewish.  As G.T. crossed the street, defendant shot G.T. at close range, intending to kill him.  Defendant again fled the scene.

## AGREED-UPON SENTENCE

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

18.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. §§ 3553(a)(1)-(7) and the relevant Sentencing Guidelines factors, an appropriate disposition of this case is that the Court impose a sentence between 420 and 480 months' imprisonment; five years' supervised release with conditions to be fixed by the Court; a $400 special assessment; and an amount of

restitution to be determined by the Court.  The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21.   Defendant agrees that, provided the Court imposes the sentence specified in paragraph 18 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

22.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 18 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

23.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a

1 claim and finding that entry into this plea agreement was
2 involuntary, then the USAO will be relieved of all of its obligations
3 under this agreement.

### RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

24. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

### EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error. While this paragraph permits both the USAO and defendant to submit full and complete factual

information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*[signature]*      5/10/2024

KATHRYNNE N. SEIDEN      Date
FRANCES S. LEWIS
Assistant United States Attorneys

*[signature: Jaime Tran]*      5/9/24

JAIME TRAN      Date
Defendant

*[signature]*      5/9/24

KATHERINE T. CORRIGAN      Date
Attorney for Defendant JAIME TRAN

17

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Jaime Tran_                                  _5/9/24_
JAIME TRAN                                    Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Jaime Tran's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____    5/9/24
KATHERINE T. CORRIGAN                 Date
Attorney for Defendant JAIME TRAN